NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALIE L. SMITH, | CIVIL ACTION NO. 17-443 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**LINARES, District Judge**

Several defendants in this action (hereinafter, "the Federal Action") move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims that have been asserted by the *pro se* plaintiff, Rosalie L. Smith. (See dkt. 5 through dkt. 5-16, dkt. 31 through dkt. 31-17, dkt. 33, & dkt. 33-1 (motion by the defendants Federal National Mortgage Association, Siobhan A. Nolan, and Reed Smith LLP); dkt. 6 through dkt. 6-5 (motion by the defendant Bergen County Sheriff Michael Saudino); dkt. 10 through dkt. 10-1 (motion by the defendant Phelan Hallinan Diamond & Jones, PC); dkt. 30 through dkt. 30-4 (motion by the following defendants: State of New Jersey; certain New Jersey state agencies; certain New Jersey state court judges; the Superior Court of New Jersey; Superior Court of New Jersey,

Bergen County Vicinage; and the Supreme Court of New Jersey).)[1] Smith has moved for leave to file amended claims. (See dkt. 29.) However, Smith has not filed opposition to any of the defendants' motions.

This Court resolves all of the aforementioned motions upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, this Court (1) grants the defendants' separate motions to dismiss, (2) denies Smith's motion for leave to file amended claims as moot, and (3) dismisses all of Smith's claims.[2]

## BACKGROUND

A foreclosure action was brought against Smith in New Jersey state court (hereinafter, "the State Foreclosure Action") in 2013 when Smith defaulted on the payments related to the mortgage on her property (hereinafter, "the Mortgaged Property"). See No. F-16120-13 (N.J. Superior Court, Bergen County). (See dkt. 5-3 at 2–14.)

Smith represented herself *pro se* in the State Foreclosure Action. In December 2015, a final judgment of foreclosure was entered in the State Foreclosure Action against Smith (hereinafter, "the State Judgment"). (See dkt. 5-4 at 2–3.)

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

[2] This Court notes that the Bergen County Clerk inadvertently filed a motion to dismiss in this Federal Action that refers to claims asserted by a different plaintiff in a separate action. (See dkt. 12 through dkt. 12-2 (seeking dismissal of the claims asserted in Boykin v. State of New Jersey, No. 16-5543).) Thus, that motion is administratively terminated.

Smith made several unsuccessful attempts in the State Foreclosure Action, and in three separate state court actions that she also instituted as a *pro se* litigant (hereinafter, "Smith's Three Separate State Actions"), to (a) block the State Judgment from being entered, and (b) vacate the State Judgment once it was indeed entered. See <u>Smith v. Jersey Mortgage Company, et al.</u>, No. L-2968-12 (N.J. Superior Court, Bergen County); <u>Smith v. Federal National Mortgage Association, et al.</u>, No. L-4394-13 (N.J. Superior Court, Bergen County); <u>Smith v. Jersey Mortgage Company, et al.</u>, No. L-20301-14 (N.J. Superior Court, Bergen County). (See dkt. 5-7 through dkt. 5-13 (featuring pleadings, orders, and other documents from the State Foreclosure Action and Smith's Three Separate State Actions); see dkt. 10-1 at 41–65, 136–46 (featuring the same).) The Mortgaged Property is now scheduled for a sheriff's sale. (See dkt. 10 at 7.)

Smith, once again representing herself *pro se*, instituted an action before this Court in September 2016 in conjunction with three other *pro se* plaintiffs against, among others: the State of New Jersey and various state agencies; certain New Jersey state court judges who have issued orders in the State Foreclosure Action; the Bergen County Sheriff; the private entity that held her mortgage; and the attorneys who were involved in the State Foreclosure Action. See D.N.J. Civil Action No. 16-5543, dkt. 1. Because the joint pleadings in that original action were improper, this Court severed Smith's claims, and directed Smith to bring a separate action that contained claims that were personal to her only. See D.N.J. Civil Action No. 16-5543, dkt. 37. Smith complied with this Court's

directive, and brought this separate Federal Action on her own.³

Smith alleges in the Federal Action that the entry of the State Judgment resulted from conduct on the part of the defendants that was misrepresentative, negligent, and fraudulent. (See dkt. 29-2; see also dkt. 1 & dkt. 24.)⁴

## ANALYSIS

I. **Standards**

This Court is guided by the following standards in resolving the separate motions to dismiss.

A. **Rule 12(b)(1)**

It is not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(1), because that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard; citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

---

³ The other plaintiffs have also asserted separate claims. See D.N.J. 16-5543; D.N.J. No. 17-444; D.N.J. No. 17-445.

⁴ Smith often phrases her claims in a manner that is not legally cognizable. (See, e.g., dkt. 29-2 at 26–28 (presenting a historical perspective on money, and alleging that "[t]here are no U.S. Dollars as defined by the Coinage Act of 1792 currently in circulation thus placing Plaintiff in the position of legal impossibility for the repayment of the alleged debt," and that "defendants have engaged in unlawful conversion by demanding payment in a species other than what was allegedly loaned").) Thus, this Court has liberally construed Smith's claims in a cognizable manner.

4

### B. Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Palakovic v. Wetzel, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining Iqbal and Twombly).

### C. Unopposed Motions To Dismiss

Smith has not opposed the defendants' motions to dismiss. However, this Court is required to address those motions to dismiss on the merits even if they are unopposed. See Jones v. Unemployment Comp. Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### D. Liberal Construction Of *Pro Se* Pleadings

This Court, in addressing the separate motions to dismiss: (1) construed Smith's claims liberally; and (2) accepted all of Smith's factual allegations as true, construed the claims in the light most favorable to Smith, and considered whether Smith may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)). Furthermore, this Court referred to the proposed amended

pleading that Smith annexed to her motion for leave to file amended claims as the operative complaint for the purposes of this analysis. (See dkt. 29-2.)

**II.    The Rooker-Feldman Doctrine**

Smith's claims that are asserted against all of the defendants are barred by the Rooker-Feldman doctrine, because Smith is seeking to avoid the State Judgment that was issued in the State Foreclosure Action by bringing this Federal Action. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).

The Rooker-Feldman doctrine bars this Court from adjudicating Smith's claims, because: (1) Smith is a state court loser complaining of injuries caused by the State Judgment; (2) the State Judgment was rendered in 2015, before Smith initially sought relief in federal court in September 2016; and (3) Smith invites this Court to review and reject the State Judgment. See Bierley v. Abate, 661 Fed.Appx. 208, 209 (3d Cir. 2016) (affirming the district court's dismissal of claims based upon Rooker-Feldman grounds).

It is now well-settled law that the proper way for Smith to proceed concerning her alleged injuries caused by the State Judgment would be to seek review and relief through the state appellate process, and then to seek certiorari directly to the United States Supreme Court. This Court is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the State Judgment, or void the rulings issued by the state court in the State Foreclosure Action. See Francis v. TD Bank, N.A., 597 Fed.Appx. 58, 60–61 (3d Cir. 2014) (affirming a district court's dismissal of the claims that were brought in

connection with a state foreclosure action as being barred by the Rooker-Feldman doctrine, because the plaintiff sought redress from a state court judgment); see also Todd v. U.S. Bank Nat'l Ass'n, No. 16-1126 & No. 16-1255, 2017 WL 1363876, at *1–2 (3d Cir. Apr. 12, 2017) (doing the same); Jacques v. Chase Bank USA, N.A., 668 Fed.Appx. 437, 438–39 (3d Cir. 2016) (doing the same); Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (doing the same).

Therefore, all of Smith's claims are dismissed pursuant to the Rooker-Feldman doctrine. This Court notes that to the extent that Smith's allegations can be construed to assert claims for Constitutional violations against all of the defendants, whether governmental entities, governmental actors, private entities, or private actors, those claims are barred by the Rooker-Feldman doctrine as well.

### III. Alternative Grounds for Dismissal

The determination set forth above "precludes the necessity to address [any] alternative grounds for dismissal," but this Court will exercise the discretion to discuss alternative grounds "for the sake of completeness." Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc., 287 F.Supp.2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon the lack of subject-matter jurisdiction).

#### A. Younger Abstention

A final determination in the form of the State Judgment has been entered in the State Foreclosure Action. However, to the extent that the State Foreclosure Action may

be considered to be ongoing, and to the extent that Smith requests that this Court intervene in the State Foreclosure Action, that relief is barred by the Younger abstention doctrine. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43–54 (1971). This Court simply has no authority to interfere with the State Foreclosure Action if it is indeed ongoing, because important state interests are implicated therein, and because there is an adequate opportunity to raise federal claims therein. See Cunningham v. Mortgage Contracting Servs. LLC, 634 Fed.Appx. 361, 362 (3d Cir. 2016) (affirming a district court's dismissal of claims brought in connection to a state foreclosure action for being barred by Younger abstention); Jacques, 668 Fed.Appx. at 438–39 (doing the same).[5]

### B. Constitutional Claims

Violations of federal constitutional rights are actionable under 42 U.S.C. § 1983 (hereinafter, "Section 1983"). To the extent that Smith asserts Section 1983 claims against private entities and private actors, those claims raise no proper federal causes of action and have no call upon a federal forum. Therefore, Smith cannot maintain claims under Section 1983 that essentially seek relief based on the private conduct of a private entity or actor, no matter how allegedly wrongful. See Dophin v. Bank of Am. Mortg. Co., 641 Fed.Appx. 131, 133 (3d Cir. 2016); St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006); see also McKee v. Pittsburgh Nat'l Bank, 627 Fed.Appx. 88, 91 (3d Cir.

---

[5] The Third Circuit Court of Appeals issued Jacques and Cunningham after the United States Supreme Court issued Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584 (2013), and thus the holdings in those cases are persuasive.

2015) (affirming the district court's dismissal of the Section 1983 claims that were asserted against a defendant bank).

To the extent that Smith asserts Section 1983 claims against the State of New Jersey, state agencies, and state officials, those claims are barred as well. Section 1983 enables a plaintiff to bring a civil action only against a "person" who causes a deprivation of constitutional rights under color of state law. However, the aforementioned State defendants are not considered to be "persons" subject to such an action. See Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006); see also Cook v. Superior Court of N.J., No. 10-409, 2010 WL 2836409, at *1 (D.N.J. July 14, 2010) (dismissing a Section 1983 claim asserted against the New Jersey Department of Law and Public Safety based on immunity). The Eleventh Amendment also bars Section 1983 claims from being brought against the State of New Jersey, its agencies, and its officials, because those kinds of claims are, in effect, brought against the state itself. See Hanani, 205 Fed.Appx. at 79. The State of New Jersey has not consented to subject its agencies and its officials to Section 1983 claims, and the immunity afforded to the state, its agencies, and its officials against Section 1983 claims has not been abrogated. Therefore, these Section 1983 claims are dismissible upon this alternative ground.

### C.  Judicial Immunity and State Court Immunity

To the extent that Smith asserts claims against the state court judges who issued determinations in the State Foreclosure Action and Smith's Three Separate State Actions, those claims are barred by the doctrine of judicial immunity, even if those state court

judges allegedly acted with malice or in bad faith. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000); see also Scheib v. Pennsylvania, 612 Fed.Appx. 56, 58 (3d Cir. 2015) (affirming the district court's dismissal of the plaintiff's claims that were brought against the state court judge based on that judge's conduct in the course of a foreclosure proceeding). Furthermore, any personnel employed by the state judiciary are also immune. See Washam v. Stesis, 321 Fed.Appx. 104, 106 (3d Cir. 2009) (describing the judicial immunity and quasi-judicial immunity afforded to state court staff); Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir. 1971).

To the extent that Smith asserts claims against the New Jersey state courts themselves, it is now well-settled law that the state courts are immune from such claims, and thus those claims are barred. See Dongon v. Banar, 363 Fed.Appx. 153, 155–56 (3d Cir. 2010) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Superior Court and the New Jersey Appellate Division on the basis of immunity); Carroway v. New Jersey, 202 Fed.Appx. 564, 565 (3d Cir. 2006) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Superior Court and two New Jersey County Courts on the basis of immunity); Hawkins v. Supreme Court of New Jersey, 174 Fed.Appx. 683, 685 (3d Cir. 2006) (affirming the district court's dismissal of the plaintiff's claims that were asserted against the New Jersey Supreme Court on the basis of immunity).

### D. Res Judicata

Smith is raising claims concerning the alleged conduct of all of the defendants that

occurred before the State Judgment was entered. Because those claims either have been raised or should have been raised in the State Foreclosure Action or in Smith's Three Separate State Actions, those claims are barred by the doctrine of res judicata. See Lewis v. O'Donnell, No. 16-2820, 2017 WL 35711, at *2 (3d Cir. Jan. 4, 2017) (affirming the district court's dismissal of a plaintiff's claims that arose from an underlying state foreclosure action); Jacques, 668 Fed.Appx. at 438–39 (doing the same).

Res judicata applies, because (1) the State Judgment and any of the related state court orders or judgments are valid, final, and on the merits, (2) the parties in the State Foreclosure Action, Smith's Three Separate State Actions, and the Federal Action are either the same or in privity with each other, and (3) the claims in the Federal Action arise from the same transactions and occurrences underlying the State Foreclosure Action and Smith's Three Separate State Actions. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

Therefore, this Court could also grant the separate motions to dismiss pursuant to res judicata.

### E. Entire Controversy Doctrine

Smith's claims that are asserted against all of the defendants are also barred by the entire controversy doctrine, because Smith could have raised any allegations concerning the alleged conduct of the defendants in the State Foreclosure Action and the Three Separate State Actions. See Lui v. Comm'n On Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004) (holding that the state courts are "every bit as competent to deal with . . . claims . . . as are federal courts").

11

The entire controversy doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction or series of transactions." Zahl v. Warhaftig, 655 Fed.Appx. 66, 76 (3d Cir. 2016) (internal quotation marks and citations omitted); see Opdycke v. Stout, 233 Fed.Appx. 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach of the entire controversy doctrine). As a result, Smith is precluded from bringing these claims in the Federal Action pursuant to the entire controversy doctrine.

F.  **Lack of Authority**

This Court is also without authority in general to review and adjudicate issues that have arisen in the state court in the State Foreclosure Action and Smith's Three Separate State Actions. See Francis, 597 Fed.Appx. at 61 (affirming the dismissal of a borrower's claims alleging misconduct by a bank in bringing a separate state foreclosure action, and citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281 (1970), and In re Grand Jury Proceedings, 654 F.2d 268 (3d Cir. 1981)). Furthermore, any mandamus power that this Court might possess over the state courts does not include the authority to "compel action by state courts or officials in connection with state court proceedings." See In re Wiltbank-Johnson, 455 Fed.Appx. 149, 150 (3d Cir. 2011) (denying the *pro se* plaintiff's petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, wherein she requested that the Third Circuit Court of Appeals compel certain state courts to provide her with favorable relief in her various state court cases).

### G. Apparent Claims under the Racketeer Influenced and Corrupt Organizations Act

To state a claim under the Racketeer Influenced and Corrupt Organizations Act (hereinafter, "RICO"), a party must allege the existence of an enterprise that is engaged in a pattern of racketeering activity. See 18 U.S.C. § 1961, et seq.; see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 35 (3rd Cir. 2011); Brookhart v. Rohr, 385 Fed.Appx. 67, 70 (3d Cir. 2010). Smith appears to allege that the State of New Jersey, its agencies, and its courts are part of a broad scheme to permit the private entities and "so-called banks" involved in the mortgage industry to foreclose upon mortgages without justification in order to ensure that they do not fail, because the State of New Jersey is heavily invested in those entities. (See dkt. 29-2 at 7–8, 22.) To the extent that Smith's claims may be construed to contain RICO claims, Smith puts forth only indiscernible statements and pure speculation as to any enterprise, and Smith fails to allege any conduct, any activity, or any specific crime that might constitute a RICO violation. Therefore, Smith's apparent RICO claims are also dismissible based on her failure to state a claim. See Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 566 (3d Cir. 2007) (affirming the district court's dismissal of the plaintiff's conspiracy claims based on the same reasoning).

### H. Litigation Privilege

To the extent that Smith brings claims against the defendant attorneys for their conduct while representing the parties who were involved in the State Foreclosure Action and Smith's Three Separate State Actions, those claims are also barred by the litigation

privilege doctrine. See Dickerson v. Wells Fargo Bank, N.A., No. 15-3747, 2016 WL 820989, at *2 (D.N.J. Mar. 2, 2016) (dismissing the claims asserted against the defendant attorneys representing a defendant bank, because the conduct of those attorneys was protected by the privilege, and holding that an appeal from the underlying state court judgment would be the proper way to challenge such conduct).

## IV. Non-Moving Defendants

This Court notes that it is authorized to dispose of the claims asserted against any of the non-moving defendants *sua sponte* at this juncture. See Coulter v. Unknown Probation Officer, 562 Fed.Appx. 87, 89 n.2 (3d Cir. 2014) (stating that a district court, when addressing a motion to dismiss by some of the defendants in an action, may *sua sponte* dismiss a claim asserted against a non-moving defendant where it is clear that the plaintiff failed to state a claim for relief); see also Lincoln v. Magnum Land Servs., LLC, 560 Fed.Appx. 144, 147 n.2 (3d Cir. 2014) (affirming a district court's decision to grant a motion to dismiss by the moving defendants and to *sua sponte* dismiss a claim asserted against a non-moving defendant).

This Court is authorized to *sua sponte* dispose of such claims, even though Smith has paid the filing fee, "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)); see Itiowe v. The Trentonian, 620 Fed.Appx. 65, 67 n.2

(3d Cir. 2015) (dismissing an appeal pursuant to the holding in Hagans from a district court order that dismissed claims brought by a plaintiff who paid the district court's filing fee); 10-28-08 Order, Dubose v. Walsh, No. 07-045 (D. Del. Oct. 28, 2008) (adopting Report and Recommendation, found at 2008 WL 4426090 (D. Del. Sept. 29, 2008), which applied Hagans where a fee-paying plaintiff brought an action to stop a foreclosure against a sheriff and individuals connected to the lender). As set forth at length above, that is precisely the situation in this Federal Action.

V.  **Smith's Motion For Leave To Amend**

As noted *supra*, in an effort to construe Smith's claims liberally, this Court referred to the proposed amended pleading that Smith submitted in support of her motion for leave to file amended claims. (See dkt. 29-2.) This Court has already determined that all of Smith's claims must be dismissed. Thus, her motion for leave to file amended claims is denied as moot.

## CONCLUSION

For the aforementioned reasons, this Court (1) grants all of the defendants' motions to dismiss, (2) denies Smith's motion for leave to file amended claims as moot, and (3) dismisses all of Smith's claims.

The Court will enter an appropriate order and judgment.[6]

*JOSE L. LINARES*
United States District Judge

**Dated:** June 12th, 2017

---

[6] Some of the defendants request that this Court prevent Smith from filing any further litigation that is related to the State Foreclosure Action. (See, e.g., dkt. 5-1 at 33.) However, the Third Circuit Court of Appeals has recently counseled against the issuance of such sweeping relief concerning *pro se* litigants. See In re Raymond Ross, No. 15-222, 2017 WL 2434707, at *5–6 (3d Cir. June 6, 2017) (vacating an order enjoining a *pro se* party from bringing further litigation, and holding that such an extreme remedy should be sparingly used); Hollis-Arrington v. PHH Mortg. Corp., 205 Fed.Appx. 48, 55 (3d Cir. 2006) (doing the same). Thus, this Court will not exercise the discretion to grant such a request here.